UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERVIN GALE RHODES,

        Plaintiff,

v.                                                 Case No. 3:20-cv-559-J-34JRK

CITY OF JACKSONVILLE, FLORIDA,
et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Mervin Rhodes, an inmate of the Florida penal system, initiated this action by mailbox rule on June 1, 2020, when he filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Complaint; Doc. 1). Rhodes names the City of Jacksonville, Florida, and two John or Jane Does as Defendants. Rhodes asserts that Defendants violated his Fifth and Fourteenth Amendment rights when they destroyed his apartment without affording him due process and without just compensation. As relief, Rhodes requests compensatory and punitive damages.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. Additionally, the Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898

F.2d 126, 129 (11th Cir. 1990)). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 328 (1989)). A claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted).

### Rhodes' Allegations

In the Complaint, Rhodes alleges that "[b]etween the period of August 2019 and March 2020, the Plaintiff discovered that Defendants and/or its entities completely

destroyed, took or demolished the Plaintiff's upstairs, downstairs, two bedroom apartment building . . . ." Complaint at 5. According to Rhodes, he never received a notice or hearing that Defendants intended to destroy his property and he has no idea why Defendants decided to destroy his property. Id. at 5-6. Rhodes also asserts that he never received just compensation for the taking of his property. Id. Additionally, Rhodes contends that the destruction of his property without due process of law and without just compensation "created a custom, policy, etc. that violates the U.S. Constitution and destroys the shield of qualified immunity so that Defendants are liable to pay fair market value and just compensation through inverse condemnation in exercising its power of eminent domain." Id. at 6.

Regarding Rhodes' Fifth Amendment claim, "[t]he Takings Clause of the Fifth Amendment states that 'private property [shall not] be taken for public use, without just compensation.'" Knick v. Twp. of Scott, Pennsylvania, 139 S. Ct. 2162, 2167 (2019) (emphasis added). Violations of the Takings Clause are actionable in a § 1983 suit and plaintiffs are not required to bring an inverse condemnation claim in state court before filing a § 1983 suit. Id. at 2177. Here, Rhodes has not alleged that Defendants took his property for public use. Indeed, he specifically states in the Complaint that he "has no idea or knowledge whatsoever of why the Defendants choose [sic] to destroy, take and demolish the property or whether it was for a public or malicious purpose." Complaint at 5. Accordingly, Rhodes has failed to state a claim upon which relief can be granted under the Takings Clause because he has not alleged the taking was for a public use. See Support Working Animals, Inc. v. DeSantis, No. 4:19CV570-MW/MAF, 2020 WL 1991479, at *11 (N.D. Fla. Apr. 27, 2020) ("The Takings Clause does not require

compensation unless private property has been taken 'for public use.'"). Moreover, any attempt to amend this claim would be futile given the fact that Rhodes does not know why the alleged taking occurred.

Next, turning to Rhodes' due process argument, it is well-settled that the Due Process Clause is not offended when a state employee intentionally deprives a prisoner of his property as long as the State provides him with a meaningful post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Jackson v. Hill, 569 F. App'x 697, 698 (11th Cir. 2014); Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009) ("Regarding deprivation of property, a state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."). Rhodes has an available, adequate post-deprivation remedy under state law. "Under Florida law, [a plaintiff] can sue the officers for the conversion of his personal property." Jackson, 569 F. App'x at 698 (citing Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009)). Moreover, any assertion that the Defendants were grossly negligent when they failed to ensure that his property was secured does not constitute a Fourteenth Amendment violation. See Daniels, 474 U.S. at 330-31 (holding the mere lack of due care by a state official does not deprive an individual of life, liberty, or property, under the Fourteenth Amendment); Maddox v. Stephens, 727 F.3d 1109, 1119 (11th Cir. 2013) (stating mere negligence does not rise to the level of a substantive due process violation). Consequently, any allegedly negligent conduct of which Rhodes complains does not rise to the level of a federal constitutional violation and provides no basis for relief in this 42 U.S.C. § 1983 action. See Daniels, 474 U.S. at 330-31; Maddox, 727 F.3d at 1119. As such, Rhodes has failed

to state a claim for relief under the Due Process Clause. In consideration of the above analysis, the Court finds that Rhodes has failed to establish that Defendants violated the Due Process Clause or the Takings Clause, and this action is due to be dismissed.

Accordingly, it is

**ORDERED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of June, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax-8
c:  Mervin G. Rhodes #295730